# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KANDY STEMPLE, as the wife and heir at law of James Stemple, deceased; as the Special Administrator of the Estate of James Stemple, deceased, JESSE STEMPLE, JOSHUA STEMPLE, ANNA STEMPLE, and JERAME STEMPLE, <br><br>                    Plaintiffs, <br><br>v. <br><br>ZURICH AMERICAN INSURANCE COMPANY <br><br>and <br><br>GREAT AMERICAN CASUALTY COMPANY, <br><br>                    Defendants. | Case No. 07-4022-KGS |

## MEMORANDUM AND ORDER

This matter comes before the court upon Defendant Zurich American Insurance Company's Motion to Reconsider, or in the Alternative, Motion to Certify Matter for Interlocutory Appeal (Doc. 56) . Plaintiffs have filed a response (Doc. 57). The time allowed for defendant to reply has passed without any such filing.[1] Therefore, the court is prepared to rule.

The instant action was filed in Neosho County District Court on January 4, 2007 and removed to this court on February 14, 2007. Plaintiffs allege they are entitled to underinsured motorist benefits from defendant Zurich American Insurance Company (Zurich) as a result of an

---

[1] D. Kan Rule 6.1(d)(1) provides "[r]esponses to non dispositive motions (motions which are not motions to dismiss or for summary judgment) shall be filed and served within 14 days. Replies shall be filed and served within 14 days of the service of the response."

automobile action involving James Stemple on May 19, 2006. Mr. Stemple was driving a truck for Panther II Transporation, Inc. (Panther) when he was involved in a fatal accident. Katherine Harris veered into Mr. Stemple's lane, causing him to lose control of his truck and drive into a ditch. At the time of the accident, Ms. Harris carried automobile liability insurance with limits of $50,000 per person and $100,000 per accident. Because Mr. Stemple was working for Panther at the time of the accident, he was covered by Panther's commercial truckers' insurance Policy No. TRK 9299369-05, issued by Zurich, which provides liability coverage limits of $5,000,000. Zurich claims that Panther waived its uninsured/underisured motorist coverage to the Kansas statutory minimums of $25,000 per person and $50,000 per accident by submitting a Summary Form to Zurich.

Defendant filed a Motion for Summary Judgment (Doc. 28) in which it argued that plaintiffs were not entitled to underinsured motorist coverage under the Zurich policy. It contended that Panther had effectively waived its coverage to the statutory minimums and that plaintiffs were only entitled to recover under Ms. Harris' policy. The undersigned denied defendant's motion, holding that the Summary Form, by itself, was legally insufficient to reject underinsured motorist coverage in excess of the Kansas statutory minimums. After consideration of the relevant case law and agency interpretation of K.S.A. § 40-284(c), as well as a detailed review of the Summary Form and other evidence submitted, the undersigned found that the Summary Form was neither an affirmative nor unequivocal rejection of insurance coverage as required in Kansas.

Defendant's instant motion asks the court reconsider its ruling regarding defendant's motion for summary judgment. Alternatively, defendant seeks to have the court certify this case

for interlocutory appeal. The court will address each request in turn.

## I.  Motion to Reconsider

D. Kan. Rule 7.3 instructs that motions for reconsideration must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[2]  "[W]here the court has misapprehended the facts, a party's position or the controlling law," reconsideration may be appropriate.[3]  However, "[i]t is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally."[4]  Nor is a motion for reconsideration a "second chance when a party has failed to present its strongest case in the first instance."[5]  The decision to grant or deny a motion for reconsideration lies soundly within the court's discretion.[6]

The court finds that Defendant has failed to show that the Court should reconsider its Memorandum and Order[7] denying defendant's motion for summary judgment. Defendant has not identified an intervening change in controlling law or any new evidence that would require reconsideration. Also, the defendant has not identified any clear error or manifest injustice that the court must correct or prevent. Defendant continues to argue in its motion for reconsideration

---

[2] *See also Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating the same grounds).

[3] *Id.*

[4] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004).

[5] *Id.* (citation omitted).

[6] *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988); *Wichita Clinic, P.A. v. Columbia/HCA Healthcare Corp.*, 45 F. Supp. 2d 1164, 1207 (D. Kan. 1999).

[7] Doc. 54.

that K.S.A. § 40-284(c) only requires a written rejection and that the Summary Form's purpose was to confirm the selection and rejection of coverage limits for each state. The court finds defendant's position was fully addressed and rejected in denying defendant's motion for summary judgment. The court thoughtfully considered defendant's argument that the Summary Form was an effective waiver and found it to be without merit. The court will not allow defendant a second chance to revisit issues already ruled upon by the court. Therefore, the Motion for Reconsideration is denied.

**II.    Interlocutory Appeal**

Pursuant to 28 U.S.C. § 1292(b), defendant Zurich has also moved for an interlocutory appeal on whether the evidence submitted to the court was sufficient as a written rejection and selection of coverage limits pursuant to K.S.A. § 40-284(c).[8] Interlocutory appeals made pursuant to §1292(b) must involve "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[9] The court holds that defendant has failed to meet its burden of proving the requirements for an interlocutory appeal.

Although the court agrees that the issue plaintiff seeks to appeal involves a controlling question of law, the court simply does not feel there is substantial ground for difference of opinion, nor does it believe an appeal would materially advance the ultimate termination of this litigation.

---

[8] Defendant Zurich American Insurance Company's Motion to Reconsider, or In The Alternative, Motion to Certify Matter for Interlocutory Appeal, at p. 4 (Doc. 56).

[9] 28 U.S.C. § 1292(b).

Whether grounds for a substantial difference of opinion exists depends on the substantive law underlying the decision. If the status of the law is unsettled, then the issue is certifiable, otherwise substantial grounds for disagreement usually do not exist.[10] Usually, if the appellate court has issued a holding on the question, then the law is settled.[11] The Kansas Court of Appeals has said, to elect lower coverage limits the Kansas "UM [uninsured motorist] statute has a written rejection requirement, [and anything] less is ineffective despite clear evidence of the insured's intent to reject the coverage."[12] Moreover, the appellate court has instructed courts to "narrowly and strictly construe[]" the rejection provision when applying the statute, as the rejection provision permits people to circumvent the public policy of the statute.[13]

In this case, defendant has not provided, and research has not uncovered, any contradictory case law which would provide grounds for a substantial disagreement about the settled status of the law. In fact, defendant does not even attempt to argue that the law is unsettled, but rather relies on cursory statements that grounds for substantial disagreement exists as to whether the evidence shows an effective waiver. A mere disagreement about whether the facts meet the legal standard does not provide grounds for substantial disagreement.[14]

---

[10] *Kautio v. Zurich Ins. Co.*, No. 97-2411, 1998 WL 295589, at *1 (D. Kan. 1998) (noting that substantial grounds for disagreement do not exist when the district court can reasonably conclude from other opinions how the appellate court would hold). It flows from this holding that if the appellate court has ruled on the issue then the law is settled in that area. *See id.*

[11] *See id.*

[12] *Larson v. Bath*, 801 P.2d 1331, 1333 (Kan. App. 1990) (quoting *Employers Cas. Co. v. Sloan*, 565 S.W.2d 580, 585 (Tex. Civ. App. 1978)).

[13] *Id.* at 1332-33 (also noting that the statute should be interpreted liberally to find coverage).

[14] *See Carpenter v. Boeing Co.*, 223 F.R.D. 552, 559 (D. Kan. 2004) (holding that the manner in which other courts had applied the facts to the law in similar cases did not constitute grounds for substantial disagreement).

Additionally, as discussed in the Memorandum and Order[15] denying defendant's motion for summary judgment, the court's ruling was based in part on defendant's failure to sufficiently develop and clarify the factual record and advance its best legal arguments.  Specifically, the court had concerns regarding the differences in the Summary Form submitted by plaintiffs and defendant.  Moreover, the court noted that no state specific selection/rejection forms were submitted for Policy No. TRK 9299369-05, even when the Summary Form identified twenty-one states which required such a form.  Additionally, Policy No. TRK 9299369-05 was vastly more expensive than Zurich Policy No. BAP 9300064-5.  Individual state selection rejection forms were submitted for Policy No. BAP 9300064-5, leading the court to wonder why such forms were not submitted for the costly truck policy.  Finally, the court noted that both policies were renewal policies, but neither party addressed whether a valid written rejection was in place at the time of the original issuance, thereby eliminating the need for a written rejection of policy limits for the renewal policy.

The court also finds that an appeal would not materially advance the ultimate termination of this litigation.  The Judicial Conference Committee of the United States has stated that § 1292(b)

> should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases . . . It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that a mere question as to the correctness of the ruling would prompt the granting of this certificate.[16]

---

[15] Doc. 54.

[16] 1958 United States Cong. Code & Adm. News 5260-61.  Certification under § 1292(b) is limited to cases involving exceptional circumstances.  See *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

The court does not find an exceptional circumstance justifying an interlocutory appeal. The court finds an interlocutory appeal at this stage would delay the adjudication of the case, which has been on file for nearly two years. The possibility that the Tenth Circuit may reverse the court's ruling does not warrant a postponement of the case. As very little discovery has been conducted in this case, the record on appeal would be in precisely the same posture as that presented here. Therefore, the only way to materially advance the litigation at this juncture is to conduct discovery and proceed to a trial on the merits. Trial, as opposed to an interlocutory appeal, is clearly the best way to achieve a speedy and just resolution to this case.

**IT IS THEREFORE ORDERED** that Defendant Zurich American Insurance Company's Motion to Reconsider, or in the Alternative, Motion to Certify Matter for Interlocutory Appeal (Doc. 56) is hereby denied.

**IT IS SO ORDERED.**

Dated this 4th day of December, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge